LEISURE GROUP, INC., Plaintiff-Respondent,

v.

Lonnie McGOWEN, Defendant-Appellant.

No. 12457.

Missouri Court of Appeals, Southern District, Division One.

Aug. 23, 1982.

John Z. Williams, Williams, Smallwood & Crump, Rolla, for plaintiff-respondent.

William E. Gladden, Houston, for defendant-appellant.

GREENE, Chief Judge.

Plaintiff, Leisure Group, Inc., sued defendant, Lonnie McGowen, on an open account, alleging that McGowen owed the corporation $11,592.32 as the result of McGowen ordering, receiving, and failing to pay for trophies and trophy parts. A jury returned a verdict for Leisure Group in the sum of $8,592.32, and this appeal followed.

McGowen argues that the trial court committed reversible error by 1) admitting plaintiff's exhibits 1 through 5 into evidence for the reason that such exhibits were not admissible under the Uniform Business Records Act; 2) allowing Edith Halsey, an employee of plaintiff, to indulge in hearsay during her testimony; 3) in giving an incorrect instruction to the jury; and, 4) permitting plaintiff's attorney to make an improper prejudicial closing argument.

A review of the record indicates 1) that there was substantial evidence to support the verdict; 2) that plaintiff's exhibits 1 through 5 were business records of plaintiff supporting its claim which were properly received in evidence by the trial court; 3) that the testimony of Mrs. Halsey to the effect that the president of Leisure Group authorized the use of copies as business records, even if hearsay, was not prejudicial and had not been properly objected to at trial; 4) that plaintiff's verdict director instruction was a proper modification of MAI 26.03; 5) that the closing argument of plaintiff's attorney stating that the payments made by McGowen to the corporation during the time frame preceding the lawsuit were payments on amounts owed the company by McGowen on prior accounts was proper.

We find no error of law in any of the rulings of the trial court complained of here, and an extended opinion would have no precedential value.

The judgment is affirmed. Rule 84.16(b), V.A.M.R.

All concur.